No. 20-70021

# In the United States Court of Appeals for the Fifth Circuit

Travis Dwight Green,

*Petitioner – Appellee,*

*v.*

Bobby Lumpkin, Director, Texas Department of Criminal Justice, Correctional Institutions Division,

*Respondent – Appellant.*

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division

## RESPONSE TO PETITION FOR REHEARING EN BANC

John Scott
Provisional Attorney General

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Lanora C. Pettit
Principal Deputy Solicitor General

Ari Cuenin
Deputy Solicitor General
Ari.Cuenin@oag.texas.gov

Counsel for Respondent-Appellant

# CERTIFICATE OF INTERESTED PERSONS

No. 20-70021

TRAVIS DWIGHT GREEN,

*Petitioner – Appellee,*

*v.*

BOBBY LUMPKIN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

*Respondent – Appellant.*

Under the fourth sentence of Fifth Circuit Rule 28.2.1, appellant, as a governmental party, need not furnish a certificate of interested persons.


/s/ Ari Cuenin
ARI CUENIN
*Counsel of Record for*
*Respondent-Appellant*

i

# Rule 35(b) Statement

Travis Green was sentenced to death for raping and murdering a 19-year-old woman. Green was found competent to represent himself at trial. And his conviction was upheld on direct appeal and in state-habeas proceedings. But nearly 20 years later, a district court retrospectively found Green incompetent and granted habeas relief on a procedurally defaulted due process claim that Green was tried while incompetent. The district court assumed that the claim was defaulted because Green had not presented it in state court but found that cause existed to overcome the default because Green's state-habeas attorney allegedly abandoned him under *Maples v. Thomas*, 565 U.S. 266 (2012). Given that state-habeas counsel timely filed a state-habeas application for Green, the panel correctly reversed this error. Nothing warrants en banc review of that unpublished, fact-bound procedural ruling.

Green first contends that the panel applied the wrong standard of review and countermanded the district court's basis for cause in finding that McLean severed the attorney-client relationship by abandoning Green. But Green misunderstands the standard of review. Pet. 1. The issue is whether Green lacked cause to overcome procedural default—a question of law, not a question of fact as Green contends. The legal existence of a principal-agent relationship was also a question of law. Green additionally ignores that AEDPA requires deference to state- court factual findings, 28 U.S.C. § 2254(e)(1), and here, a state court found that Green had counsel—the opposite of abandonment.

Green also contends that the panel substituted its views of state law for those of the Texas Court of Criminal Appeals (CCA). Pet. 2. The panel never did so. What

Green references is a footnote observation regarding the CCA's discretionary authority to establish a new filing deadline for habeas applications when counsel fails to timely file. En banc review is inappropriate for that purely state-law question, and particularly so given the panel's fact-bound and well-supported observation that the CCA declined to exercise any arguable discretion.

Green suggests further that the en banc Court should address whether incompetency is a cause external to the defendant that can overcome a procedural default. But, as the panel noted and as Green does not dispute, the Court has already said that the answer is "no." *See Gonzales v. Davis*, 924 F.3d 236, 244 (5th Cir. 2019). Instead, Green argues that his petition raises questions about whether a panel is bound by a published opinion that denies a certificate of appealability (COA). Pet. 2. The rule of orderliness forecloses Green's argument, regardless of Green's views about COA denials or the rule correctly announced in *Gonzales*.

Apart from the defects in Green's en banc petition, the Court should deny review because Green is not factually innocent and not entitled to habeas relief under *Crawford v. Cain*, 68 F.4th 273 (5th Cir. 2023). The panel properly rejected Green's attempt to relitigate his competency to stand trial.

# TABLE OF CONTENTS

Page

Certificate of Interested Persons ................................................................... i

Rule 35(b) Statement ................................................................................... ii

Table of Authorities ..................................................................................... v

Statement of Issues ...................................................................................... 1

Course of Proceedings .................................................................................. 1

Statement of Facts ........................................................................................ 2

    I.   Green's Crimes ............................................................................... 2

    II.  Green's Trial .................................................................................. 2

    III. State-Habeas Proceedings ............................................................. 4

    IV. Federal-Habeas Review ................................................................ 5

Argument ...................................................................................................... 6

    I.   Green's Theory for Overcoming Procedural Default Through
        Constructive "Abandonment" by State-Habeas Counsel Presents
        No Basis for En Banc Review. ...................................................... 6

        A.  The panel correctly applied de novo review to Green's
            attempt to avoid procedural default by blaming his state-
            habeas lawyer. .................................................................... 6

        B.  Green would improperly expand *Maples* beyond actual
            abandonment. ..................................................................... 8

    II.  The Panel's Observation About an Unfavorable Exercise of State-
        Law Discretion for Habeas Deadlines Is Unworthy of En Banc
        Review. ......................................................................................... 9

    III. Green's Attack on *Gonzales v. Davis* Violates the Rule of
        Orderliness and Is Unworthy of En Banc Review. ..................... 12

    IV. Green Cannot Obtain Relief Because He Is Factually Guilty. ................... 13

Conclusion ................................................................................................. 14

Certificate of Service ................................................................................. 15

Certificate of Compliance .......................................................................... 15

# Table of Authorities

**Page(s)**

**Cases:**

*In re Air Crash Disaster Near New Orleans,*
821 F.2d 1147 (5th Cir. 1987) (en banc).................................................. 10, 11

*Buck v. Davis,*
137 S. Ct. 759 (2017)................................................................................. 12

*Coleman v. Goodwin,*
833 F.3d 537 (5th Cir. 2016) ....................................................................11

*Coleman v. Thompson,*
501 U.S. 722 (1991) ................................................................................. 8, 9

*Crawford v. Cain,*
68 F.4th 273 (5th Cir. 2023).................................................................iii, 13

*Dunn v. Johnson,*
162 F.3d 302 (5th Cir. 1998).................................................................... 2

*Exelon Wind 1, L.L.C. v. Nelson,*
766 F.3d 380 (5th Cir. 2014) ................................................................... 12

*Faretta v. California,*
422 U.S. 806 (1975) ................................................................................ 2, 3

*Foley v. Biter,*
793 F.3d 998 (9th Cir. 2015) ................................................................. 7, 8

*Ford v. Wainwright,*
477 U.S. 399 (1986)..................................................................................13

*Gonzales v. Davis,*
924 F.3d 236 (5th Cir. 2019) ..........................................................iii, 1, 12

*Green v. State,*
No. AP-74,036 (Tex. Crim. App. June 26, 2002) .............................. 4

*Green v. Thaler,*
699 F.3d 404 (5th Cir. 2012) ..................................................................13

*Ex parte Green,*
2013 WL 831504 (Tex. Crim. App. Mar. 6, 2013).......................... 4, 5

*Hines v. Quillivan,*
982 F.3d 266 (5th Cir. 2020)................................................................... 12

*Ibarra v. Stephens,*
723 F.3d 599 (5th Cir. 2013)..................................................................... 9

*Ibarra v. Thaler,*
    691 F.3d 677 (5th Cir. 2012) ................................................................. 9

*Karl Rove & Co. v. Thornburgh,*
    39 F.3d 1273 (5th Cir. 1994) .............................................................. 7

*Maples v. Thomas,*
    565 U.S. 266 (2012) ..................................................... *passim*

*Ex parte Medina,*
    361 S.W.3d 633 (Tex. Crim. App. 2011) ..................................... 10, 11

*Muniz v. Johnson,*
    132 F.3d 214 (5th Cir. 1998) .............................................................. 7

*Norman v. Stephens,*
    817 F.3d 226 (5th Cir. 2016) ............................................................ 11

*ODonnell v. Salgado,*
    913 F.3d 479 (5th Cir. 2019) .......................................................... 12

*Pan Am. World Airways, Inc. v. Lopez,*
    490 U.S. 1032 (1989) ...................................................................... 10

*Panetti v. Quarterman,*
    551 U.S. 930 (2007) ......................................................................... 13

*Prible v. Lumpkin,*
    43 F.4th 501 (5th Cir. 2022) ............................................................. 6

*Shinn v. Ramirez,*
    142 S. Ct. 1718 (2022) ...................................................................... 13

*Trevino v. Davis,*
    861 F.3d 545 (5th Cir. 2017) .......................................................... 12

*United States v. Cano,*
    519 F.3d 512 (5th Cir. 2008) .............................................................. 2

*United States v. Flores,*
    981 F.2d 231 (5th Cir. 1993) ............................................................ 13

*Wilkins v. Stephens,*
    560 F. App'x 299 (5th Cir. 2014) ....................................................... 9

*Young v. Westbrooks,*
    702 F. App'x 255 (6th Cir. 2017) ...................................................... 9

**Statutes and Rules:**

28 U.S.C. § 2254(e)(1) .................................................................. ii, 8

Tex. Code Crim. Proc. art. 11.071:

    § 4A ............................................................................ 10, 11

    § 4A(a) ............................................................................... 9

    § 4A(a)-(b) ........................................................................ 11

    § 4A(b)(1)-(3) .................................................................... 9

    § 4A(b)(2) ........................................................................ 10

3 Am. Jur. 2d *Agency* § 11 ................................................... 13

Fed. R. Civ. P. 60(b) ............................................................. 8

## Statement of Issues

**I.** Did the panel apply the correct standard of review?

**II.** Is the panel opinion's footnoted observation about a state court's discretionary power to reschedule habeas deadlines unworthy of en banc review?

**III.** Is the published opinion of this Court correctly denying a COA in *Gonzales v. Davis* a binding precedential decision?

**IV.** Should en banc review be denied because Green is not factually innocent?

## Course of Proceedings

Petitioner sought federal habeas relief from his capital-murder conviction and death sentence. Green contended below that he was unconstitutionally tried while incompetent and that his trial counsel provided ineffective punishment-phase assistance. ROA.2710. The district court assumed that both claims were procedurally defaulted because Green had not raised them in state-habeas proceedings, but it concluded that Green had shown cause to overcome the default of his competency claim because his state-habeas attorney abandoned him. ROA.2727. The court also found cause to overcome the default of the ineffective assistance of trial counsel claim because his state-habeas counsel provided ineffective representation. ROA.2782-84. The court granted habeas relief on both claims. ROA.2710. A Fifth Circuit panel reversed. Slip Op. 11. Here, Green disputes only the competency claim.

## Statement of Facts

### I. Green's Crimes

In September 1999, Green killed 19-year-old Kristin Loesch in the apartment she shared with her boyfriend, Bobby Stewart. ROA.6487-99, 6547-48. She suffered sexual assault, strangulation, and blunt force trauma. ROA.6792-6803. Green matched Stewart's description of the suspect. ROA.6647-51. Green also matched a neighbor's description of a man seen entering the apartment around the time of death. ROA.6460-63. Samples from semen and blood stains on the victim's shirt, a vaginal swab, and fingernail scrapings matched Green. ROA.6763-74.

### II. Green's Trial

Green was charged with capital murder. ROA.4820. Judge Michael McSpadden appointed counsel for Green. ROA.4822. Green filed a motion expressing his desire to waive his right to counsel. ROA.4861. Judge McSpadden held a *Faretta* hearing to determine whether Green could proceed pro se. ROA.5302-03.[1] Green also executed a written waiver of counsel. ROA.4868. Green indicated that he was "competent enough and intelligent enough" to represent himself, that he had a right to represent himself, and that he understood he would be held to the same rules as lawyers. ROA.5306, 5311-17. Judge McSpadden agreed that existing counsel would remain as

---

[1] A hearing under *Faretta v. California*, 422 U.S. 806 (1975), is to determine whether a defendant knowingly and intelligently waives his right to appointed counsel to proceed pro se. *See United States v. Cano*, 519 F.3d 512, 516 (5th Cir. 2008). The competency required to waive the right to counsel is the same as that required to stand trial, and the competency needed to defend one's own case is at least as high. Appellant Br. 22-24, 36 (citing *Dunn v. Johnson*, 162 F.3d 302, 307-08 (5th Cir. 1998)).

standby counsel, but "would be available on a consulting basis only." ROA.5305, 5315. Judge McSpadden also inquired into Green's mental-health history and appointed a doctor to assess Green's competency, but Green refused to speak to him. ROA.5312-13, 5042. Judge McSpadden later appointed Tyrone Moncriffe as standby counsel. ROA.6979, 4870.

Judge McSpadden was replaced by Judge Robert Jones, who conducted a second *Faretta* hearing to vet Green's waiver. ROA.5323-26. Green indicated he understood that his waiver might affect appellate rights, and that he would need to follow evidentiary rules, subpoena witnesses, and file motions properly. ROA.5332-51. Green listened to admonishments and asked relevant questions. *See* ROA.5332-53. Green explained that he was "being charged with capital murder," and facing "the death penalty, and that's what [he was] going to defend" against. ROA.5353. Green repeatedly stated he was competent and reaffirmed his waiver of counsel. ROA.5338-57. When Judge Jones inquired into Green's mental-health history, Green explained that he had, on occasion, spoken to a psychologist regarding social and economic issues, but had never been diagnosed with any mental illness or admitted to a mental institution. ROA.5330-31, 5348-50. Judge Jones deemed Green competent to waive his rights and proceed pro se. ROA.5359; *see also* ROA.5965-66, 6415-16.

Green continued to reaffirm his desire to represent himself throughout voir dire and trial. *E.g.*, ROA.5421, 5523, 6414, 6697. Through thirteen days of pretrial proceedings, neither Judge Jones nor the prosecutors noted signs of incompetence. *See* ROA.5300-6399. At one point, however, Moncriffe informed the court that he

observed signs of paranoia; Judge Jones responded that he did not but nevertheless ordered a psychological assessment. ROA.5965-66.

Doctor Steven Rubenzer evaluated Green, observed him during voir dire, and issued a report concluding that Green was competent. ROA.5093-98. Green had no record of mental illness, and a report from county medical staff assessed Green's mental status as normal. ROA.5093. Green's mother reported no mental illness and attributed Green's nervousness and distrust of lawyers to his incarceration and previous experience. ROA.5094. The bailiff similarly reported that Green told him he distrusted lawyers because they had lied to him. ROA.5095-96.

Green actively defended himself. ROA.6419; *see*, *e.g.*, ROA.6414 (invoking the Rule); ROA.6464 (asking whether prosecutor had "passed the witness"); ROA.6473 (examining exhibit before agreeing to admission); ROA.6660-61 (objecting to testimony). But the jury found Green guilty. ROA.6849.

Just as the punishment phase began, Green informed the court that he relinquished his right to self-representation. ROA.6861. Moncriffe assumed Green's representation. ROA.6861, 6863. Green was ultimately sentenced to death. ROA.7026. The CCA affirmed on direct appeal. *See Ex parte Green*, 2013 WL 831504, at *1 (Tex. Crim. App. Mar. 6, 2013) (citing *Green v. State*, No. AP-74,036 (Tex. Crim. App. June 26, 2002)).

### III.  State-Habeas Proceedings

The trial court appointed Ken McLean to represent Green in state-habeas proceedings. ROA.7417. McLean filed a state-habeas application in October 2001.

ROA.7422-35. Green filed another habeas application pro se, but the court dismissed it because McLean represented Green. ROA.7448.

In November 2007, the state court ordered the parties to file any supplemental materials. ROA.7578. In April 2008, after obtaining mental-health records from the Texas Department of Criminal Justice (TDCJ), McLean filed a "Statement of Counsel" saying he could not "in good faith file Proposed Findings of Fact and Conclusions of Law" warranting habeas relief. ROA.7659-61. McLean included that he reviewed Green's most recent mental-health examination from May 2007 and stated, incorrectly, that it contained no indication of mental illness or incompetency. ROA.7659. Around 2009, McLean died and the state-habeas trial court appointed Danny Easterling as successor counsel. ROA.7662.

The trial court recommended denying Green's application. ROA.7702-04. The CCA denied relief in 2013. *Ex parte Green*, No. WR-48,019-02, 2013 WL 831504, at *1 (Tex. Crim. App. Mar. 6, 2013) (per curiam).

## IV. Federal-Habeas Review

Green sought federal habeas relief in 2014. ROA.77-316, 352-647. He claimed that he was incompetent to stand trial and that Moncriffe provided ineffective punishment-phase assistance. ROA.2710. Green states that both claims were procedurally defaulted because he failed to raise them in state-habeas proceedings. Pet. 3-4. The district court found cause to overcome the default of his competency claim because McLean abandoned him. ROA.2727. The court found cause to overcome the default of the punishment ineffective-assistance claim because

5

McLean provided ineffective assistance as state-habeas counsel. ROA.2782-84. The court granted relief on both claims. ROA.2710.

A panel of this Court reversed. Slip Op. 11. It held that Green lacked cause for the defaulted competency claim because any "abandonment" did not take place until after McLean's state-habeas deadline expired. *Id.* at 7-9. The "default of Green's incompetency claim is attributable to McLean's failure to raise it in Green's initial habeas petition—rather than any subsequent abandonment under *Maples*." *Id.* at 9. Green lacked cause for the ineffective-assistance claim because McLean was not ineffective. *Id.* at 10.

## ARGUMENT

### I. Green's Theory for Overcoming Procedural Default Through Constructive "Abandonment" by State-Habeas Counsel Presents No Basis for En Banc Review.

#### A. The panel correctly applied de novo review to Green's attempt to avoid procedural default by blaming his state-habeas lawyer.

The panel held, and Green does not dispute, that because he never raised his competency claim in state court, it was procedurally defaulted. Slip. Op. 6-8; Pet. 3-4. Green merely rehashes his argument that attorney abandonment is a question of fact supposedly settled by the district court. *See* Appellee Br. 24-28; Pet. 8-12. But the issue was whether cause exists to overcome procedural default, which is a question of law. "Whether a petitioner has shown cause and prejudice to excuse a procedural default is reviewed *de novo*." *Prible v. Lumpkin*, 43 F.4th 501, 513 (5th Cir. 2022). The panel applied the well-settled rule that the CCA "will not entertain

claims that appear for the first time in a successive application." Slip Op. 8 (citing *Muniz v. Johnson*, 132 F.3d 214, 221 (5th Cir. 1998)). Because Green conceded he was subject to that rule, *id.*, he simply misunderstands the standard of review.

Regardless, Green is wrong that his theory of alleged attorney "abandonment" presented a fact question. *Contra* Pet. 3-4. Cause requires showing "something external to the petitioner, something that cannot fairly be attributed to him impeded his efforts to comply with the State's procedural rule." *Maples*, 565 U.S. at 280 (cleaned up). Negligence by state-habeas counsel does not establish cause. *Id.* at 280-81. An attorney is an agent, and "the principal bears the risk of negligent conduct on the part of his agent." *Id.* at 281. Attorney *abandonment* may establish cause because the attorney "no longer acts, or fails to act, as the client's representative," but only if there is a severing of the principal-agent relationship such that the lawyer's acts or omissions cannot be attributed to his client. *Id.* at 280-81.

Green advances the district court's novel theory back-dating "abandonment" by McLean "from the beginning." ROA.2731. The legal question was whether McLean's actions could be attributed to Green. *See Maples*, 565 U.S. at 281. Green could not rely on *Maples* because he never "even bothered to articulate, let alone substantiate, a theory of timeliness." Slip Op. 8. Green also ignores precedent holding that the legal existence of a principal-agent relationship, when facts are undisputed, is a legal conclusion reviewed de novo. *Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1295-96 (5th Cir. 1994). Green instead cites inapposite, out-of-circuit authority for the proposition that "abandonment" is a fact question. Pet. 9 (citing *Foley v. Biter*, 793 F.3d 998, 1003 (9th Cir. 2015)). But *Foley* is about whether a

prisoner was abandoned in federal proceedings under well-settled rules for obtaining Rule 60(b) relief, not procedural default. *Foley*, 793 F.3d at 1000. Because cause is a legal conclusion reviewed *de novo*, *see Prible*, 43 F.4th at 513, *Foley* is inapposite.

Green also ignores that, under AEDPA, the district court lacked authority to make the supposed factual determination. A "determination of a factual issue made by a State court shall be presumed to be correct" and petitioners bear "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Here, when Green tried filing a pro se state-habeas application, the state habeas court dismissed it because Green had court-appointed counsel. ROA.7448. The district court lacked authority to find that McLean abandoned Green "from the beginning." ROA.2731.

## B. Green would improperly expand *Maples* beyond actual abandonment.

*Maples* established a narrow basis for cause where a state-habeas lawyer actually abandons his client without notice. 565 U.S. at 271. Green does not contend that McLean *actually* abandoned him. He contends that, despite litigating, McLean *constructively* abandoned him through poor representation. Supreme Court precedent contravenes that expansion of *Maples*. *Coleman v. Thompson* held that "[a]ttorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." 501 U.S. 722, 753 (1991). *Maples* reaffirmed that "[n]egligence on the part of a prisoner's postconviction attorney

does not qualify as 'cause.'" 565 U.S. at 280 (quoting *Coleman*, 501 U.S. at 753). The Court never "disturb[ed] that general rule." *Id*. at 281.

Green suggests that even though McLean did timely file an application, his failure to advance specific issues meant that Green never had representation. *See* Pet. 10; ROA.1034-46 (McLean's application). But "no other court of appeals has held that a lawyer abandons his client despite filing a brief on his behalf," and this Court should "not be the first to extend *Maples* in this fashion." *Young v. Westbrooks*, 702 F. App'x 255, 265 (6th Cir. 2017). Failure to raise issues that a client would like to argue is not abandonment. *Ibarra v. Thaler*, 691 F.3d 677, 685 n.1 (5th Cir. 2012), *vacated in part on other grounds on reh'g sub nom. Ibarra v. Stephens*, 723 F.3d 599 (5th Cir. 2013); *Wilkins v. Stephens*, 560 F. App'x 299, 304 (5th Cir. 2014). Expanding *Maples* would swallow *Coleman*.

## II. The Panel's Observation About an Unfavorable Exercise of State-Law Discretion for Habeas Deadlines Is Unworthy of En Banc Review.

The panel observed in a footnote that Texas law gives the CCA discretion to extend deadlines where counsel untimely files or fails to file a capital-habeas application. Slip Op. 8 n.1 "[O]n command" of the CCA, an attorney "shall show cause as to why the application was untimely filed or not filed before the filing date." Tex. Code Crim. Proc. art. 11.071, § 4A(a). The court may find good cause absent and dismiss the application, permit counsel to continue the representation and establish a new deadline, or appoint new counsel and establish a new deadline. *Id*. § 4A(b)(1)-(3). The panel noted that Green had presented concerns about counsel to the CCA, but the CCA declined to exercise any such discretion. Slip Op. 9 n.1.

9

Green quibbles with this footnote. But "matters of state law are rarely worthy of en banc review," which concerns the "most important federal law issues" that require "a definitive statement on the law by the full court." *In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1169 n. 38 (5th Cir. 1987) (en banc), *vacated on other grounds sub. nom. Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032, 1033 (1989). That Green disputes a state-law question about Section 4A and its fact-bound application is reason enough to deny review. Regardless, Green's complaints are meritless.

First, Green contends that Section 4A applies only in cases of attorney abandonment and, therefore, referencing Section 4A is a tacit finding that McLean abandoned Green. Not so. Nothing in Section 4A mentions attorney abandonment. *See* Tex. Code Crim. Proc. art. 11.071, § 4A. To the contrary, Section 4A expressly contemplates continued representation by counsel who has failed to timely file an application, so Section 4A cannot be limited to attorney abandonment. *See id.* § 4A(b)(2). Nor does the CCA limit Section 4A to abandonment. *Contra* Pet. 13. Green invokes a case in which state-habeas counsel intentionally filed an application that did not satisfy pleading requirements because counsel "intended to force [the CCA] to readdress the pleading requirements." *Ex parte Medina*, 361 S.W.3d 633, 635 (Tex. Crim. App. 2011). The court equated counsel's intentional "desire to challenge the established law at the peril of his client," with a "fail[ure] to file a cognizable writ application," and thus the CCA appointed new counsel. *Id.* at 643. The panel's opinion does not conflict with *Medina*, which involved expressly "*sui generis*" facts and never found abandonment within the meaning of *Maples. Id.*

Green next contends that if Section 4A provided any post-filing remedy, then McLean's "abandonment" after that deadline provided cause. Pet. 13. But Section 4A did not provide such a remedy for Green. McLean filed a timely habeas application, and the deadlines for its claims had long passed by the time McLean obtained the disputed 2007 mental-health report, Slip Op. 10; ROA.1034-46, 7676, so Section 4A is inapplicable, *see* Tex. Code Crim. Proc. art. 11.071, § 4A(a)-(b). Nor was McLean's application like the one in *Medina*, in which counsel intentionally jeopardized his client's interest to further his own views of the law. 361 S.W.3d at 643. Moreover, *Medina* was inapposite because here the CCA signified that Green *had* filed a timely state-habeas application by ruling on it. *See id.* at 634-35.

Green also argues that if Section 4A applies, then no default occurred because he could still exhaust that remedy. Pet. 14. Green confuses procedural default with exhaustion. *See Norman v. Stephens*, 817 F.3d 226, 231 n.1 (5th Cir. 2016). The supposed remedy is *not* available to Green, which the Director has never affirmatively waived. *See Coleman v. Goodwin*, 833 F.3d 537, 541 (5th Cir. 2016). And as the district court stated, Green "wrote several letters to the [CCA] between 2003 and 2008, which ... expressed frustration over his attorneys' complete lack of communication with him." ROA.2728-29; *see* ROA.7759-60, 7781; *see also* ROA.7793 (2010 letter). As the panel explained, on this record, the CCA was necessarily aware of the alleged "abandonment" but declined to exercise any Section 4A discretion. *See* Slip. Op. 9 n.1. A fact-bound "state law issue" is not "worthy of en banc dissertation." *Air Crash*, 821 F.2d at 1169 n.38.

## III. Green's Attack on *Gonzales v. Davis* Violates the Rule of Orderliness and Is Unworthy of En Banc Review.

Green's final argument contravenes the rule of orderliness. Green argued "that his incompetence throughout the state-habeas proceedings provide[d] an alternative basis for satisfying cause." Slip Op. 9 n.2. The panel correctly footnoted that the argument was foreclosed by *Gonzales*, which held that mental incompetency cannot establish cause. *Id.* (citing *Gonzales*, 924 F.3d at 244).

Green contends that *Gonzales* cannot have bound the panel because that case denied a COA. Pet. 17. True, "a merits panel is not bound by a motions panel," *Trevino v. Davis*, 861 F.3d 545, 548 n.1 (5th Cir. 2017), but that statement references panels in the same case, s*ee id; see also ODonnell v. Salgado,* 913 F.3d 479, 482 (5th Cir. 2019). That rule cannot alter the rule of orderliness: "one panel may not overrule a prior decision, right or wrong unless there is an intervening change of authority." *Hines v. Quillivan*, 982 F.3d 266, 271 (5th Cir. 2020) (cleaned up). Green suggests that *Gonzales* was non-precedential because *Gonzales*'s denial of a COA precluded merits-review jurisdiction. Pet. 17 (citing *Buck v. Davis*, 137 S. Ct. 759, 773 (2017)). But even under that theory, Green ignores that considered jurisdictional rulings are precedential. *See Exelon Wind 1, L.L.C. v. Nelson*, 766 F.3d 380, 393 (5th Cir. 2014). And subsequent panels cannot disregard prior rulings because they deem them incorrect. *Hines,* 982 F.3d at 271.

Nevertheless, *Gonzales* is correct. Cause requires "something *external* to the petitioner." *Maples*, 565 U.S. at 280. Incompetency is not "external." *Gonzales*, 924 F.3d at 244. Other deficits like illiteracy, deafness, and lack of legal training are not

"external" either. *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993). No conflict exists between such authority and *Maples*'s "agency principles." Pet. 16. Green states that "an incompetent person cannot appoint an agent." *Id.* But that principle is irrelevant to court-appointed agents. *See* 3 Am. Jur. 2d *Agency* § 11.

## IV. Green Cannot Obtain Relief Because He Is Factually Guilty.

Alternatively, the Court should deny review because Green is not factually innocent and cannot obtain relief. After the panel ruled, this Court substituted an opinion in *Crawford v. Cain*, 68 F.4th 273, 279 (5th Cir. 2023), explaining that "'even if a prisoner overcomes'" limits like procedural default, "'[h]e must still persuade a federal habeas court that law and justice require [relief],'" *id.* at 285-86 (quoting *Shinn v. Ramirez*, 142 S. Ct. 1718, 1731 (2022)). "Law and justice do not require habeas relief . . . when the prisoner is factually guilty." *Id.* at 287.

Green is factually guilty. "Factual innocence is an assertion by the defendant that he did not commit the *conduct* underlying his conviction." *Id.* at 288. Green disputes competency to stand trial, not the ample evidence that he raped and killed Kristin Loesch. *See supra* p.2.

That is not to say that competency is wholly beyond federal courts' reach. For instance, under *Ford v. Wainwright*, 477 U.S. 399 (1986), "[p]rior findings of competency do not foreclose a prisoner from proving he is incompetent to be executed because of his present mental condition." *Panetti v. Quarterman*, 551 U.S. 930, 934 (2007). But that claim provides no basis for relief from Green's underlying conviction and is unripe because Green lacks an execution date. *See Green v. Thaler*,

699 F.3d 404, 410 n.3 (5th Cir. 2012). The panel properly rejected Green's attempt to challenge his competency to stand trial.

## CONCLUSION

The petition for rehearing en banc should be denied.

Respectfully submitted.

JOHN SCOTT
Provisional Attorney General

LANORA C. PETTIT
Principal Deputy Solicitor General

BRENT WEBSTER
First Assistant Attorney General

/s/ Ari Cuenin

ARI CUENIN
Deputy Solicitor General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

Ari.Cuenin@oag.texas.gov

Counsel for Respondent-Appellant

## CERTIFICATE OF SERVICE

On June 26, 2023, this brief was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ Ari Cuenin
ARI CUENIN

## CERTIFICATE OF COMPLIANCE

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 35(e) because it contains 3,897 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ Ari Cuenin
ARI CUENIN